IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03531-PAB

MCLAUGHLIN GROUP, INC., a South Carolina corporation, and
VAC-TRON EQUIPMENT, LLC, a Delaware limited liability company,

    Plaintiffs,

v.

VAC-TRON HOLDINGS, INC., a Delaware corporation,
AMERICAN MANUFACTURING & MACHINE, INC., a Florida corporation,
TIMOMA ENTERPRISES CORPORATION, a Florida corporation,
MCC-6 CORPORATION, a Florida corporation,
DON M. BUCKNER, an individual,
TIM FISCHER, an individual,
CODY MCCRACKEN, an individual,
REPUBLIC FINANCIAL CORPORATION, a Colorado corporation, and
ROBERT POSSEHL, an individual,

    Defendants.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiffs' Response to Order to Show Cause [Docket No. 18]. Plaintiffs assert that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 10. On December 14, 2020, the Court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 13. The Court noted that plaintiffs' allegations were insufficient to establish the citizenship of Vac-Tron Holdings, Inc., Don M. Buckner, Tim Fischer, Cody McCracken, and Robert Possehl and therefore whether there is complete diversity between the parties, as required by § 1332. *Id.* at 4.

In plaintiffs' response to the order to show cause, plaintiffs provide information regarding defendant Vac-Tron Holdings, Inc.'s registration as a Delaware corporation and public records establishing Vac-Tron Holdings, Inc.'s Aurora, Colorado principal place of business. Docket No. 18 at 2. The Court finds this information sufficient to establish Vac-Tron Holdings, Inc.'s citizenship. Plaintiffs also provided Mr. Buckner's, Mr. Fischer's, and Mr. Possehl's voter registration information. *Id.* at 3–4. This information is sufficient to establish the citizenship of Mr. Buckner, Mr. Fischer, and Mr. Possehl.

Plaintiffs' response as to Cody McCracken, however, remains insufficient. In support of the allegations that Mr. McCracken is a citizen of Florida, plaintiffs explain that Mr. McCracken's LinkedIn profile states that he is located in Winter Garden, Florida, that public records show that he has a Florida driver's license "reflecting an address in Clermont, Florida," and that Mr McCracken recently purchased a property in Winter Garden, Florida. *Id.* at 4. None of this information establishes Mr. McCracken's citizenship. As the Court explained to plaintiffs in the first order to show cause, "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). An undated and unverified social media profile establishes neither physical presence in a state nor intent to remain. Nor is a driver's license necessarily determinative of citizenship. *Cornelius v. USAA Gen. Indem. Co.*, No. 20-cv-02918-PAB, 2020 WL 7055444, at *2 (D. Colo. Dec. 2, 2020). Finally, the fact that Mr. McCracken purchased a property – even a residence – in Florida does not necessarily mean that he is a citizen of that state. As the Court noted in its first order to show cause, residency is not

2

synonymous with domicile. Docket No. 13 at 3 (citing *Miss. Band of Chocktaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Only the latter is determinative of a party's citizenship. *Id.* (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")).

The allegations are presently insufficient to allow the Court to determine the citizenship of Mr. McCracken. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). Plaintiffs will be given one more opportunity to establish the Court's jurisdiction. It is therefore

**ORDERED** that, on or before **December 30, 2020**, plaintiffs shall show cause as to why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED December 23, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge