IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03531-PAB-JPO

MCLAUGHLIN GROUP, INC., a South Carolina Corporation, and
VAC-TRON EQUIPMENT, LLC, a Delaware limited liability company,

      Plaintiffs,

v.

AMERICAN MANUFACTURING & MACHINE, INC., a Florida corporation,

      Defendant.

---

## ORDER

---

      This matter comes before the Court on Plaintiffs' Motion for Default Judgment Against Defendant for Failing to Comply With a Court Order [Docket No. 156].

## I. BACKGROUND

      This case has a lengthy procedural history, which the Court will only recount to the extent that it is relevant to plaintiffs' motion for default judgment.  Plaintiffs McLaughlin Group, Inc. ("McLaughlin") and Vac-Tron Equipment, LLC ("Vac-Tron") initiated this case by filing a complaint on November 30, 2020.  Docket No. 1.  They filed an amended complaint on December 22, 2020.  Docket No. 17.  The amended complaint asserts one claim against defendant American Manufacturing & Machine, Inc. ("AMM"), namely, breach of Member Interest Purchase Agreement.  Docket No. 17 at 3, 18-22, ¶¶ 11, 70-86.  On January 29, 2021, attorney Daniel F. Warden appeared on behalf of AMM and filed an answer and counterclaim.  Docket No. 46.

On July 31, 2023, Mr. Warden filed a motion to withdraw as counsel for AMM. Docket No. 147.  On August 18, 2023, then-Magistrate Judge Kato S. Crews granted Mr. Warden's motion.  Docket No. 149.  Judge Crews' order stated that, "because Defendant is a corporation, Defendant may not appear without counsel admitted to the bar of this Court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against Defendant."  *Id.*  No attorney has since filed an appearance on behalf of AMM. Plaintiffs now ask the Court to enter default judgment against AMM pursuant to Federal Rules of Civil Procedure 16 and 37.  Docket No. 156 at 5, ¶ 17.

## II.  LEGAL STANDARD

### A.  Sanctions

Federal Rule of Civil Procedure 16 permits a court to issue "any just orders" if a party "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C). Available sanctions include "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (holding that "courts have broad inherent power to sanction misconduct and abuse of the judicial process, which includes the power to enter a default judgment") (quotation and citations omitted).  When corporations violate orders requiring them to obtain counsel, "[d]istrict courts in this Circuit have entered default judgment as a sanction against non-represented corporate defendants."  *Baxter Constr. Co., LLC v. SF Constr., Inc.,* No. 22-cv-01117-NYW-KLM, 2023 WL 5822502, at *3 (D. Colo. Sept. 8, 2023) (citations omitted).  "But before entering default judgment as a sanction, the Court must consider the *Ehrenhaus* factors to determine whether default judgment is a

justified and appropriate sanction." *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  The *Ehrenhaus* factors are: (1) the degree of actual prejudice to the opposing party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.  *Ehrenhaus*, 965 F.2d at 921.

### B.  Default Judgment

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.

A party may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.") (citation omitted). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See* 10A Charles Alan

Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citation omitted).

## III.  ANALYSIS

### A.  *Ehrenhaus* Factors

The Court will first determine whether default judgment is an appropriate sanction based on the *Ehrenhaus* factors. *See Ehrenhaus*, 965 F.2d at 921.

#### 1.  *Degree of actual prejudice to plaintiffs*

Plaintiffs argue that, by "failing to obtain substitute counsel, Defendant has effectively halted this litigation because corporate defendants may not appear before this Court without representation and, as a result, Plaintiffs may not resolve its claims on the merits." Docket No. 156 at 4, ¶ 13. "All plaintiffs have an interest in proceeding with

their claims expeditiously." *Baxter*, 2023 WL 5822502, at *3 (citing *Duca v. Falcon Sch. Dist. 49*, No. 22-cv-00880-CMA-MDB, 2022 WL 4131435, at *2 (D. Colo. Sept. 12, 2022)). This case has been at a standstill since AMM's former counsel withdrew. Moreover, because AMM is the last remaining defendant in this case, *see* Docket No. 150 at 1; *see also* Docket Nos. 21, 59, 60, 61, 62, 113, 114, 116, AMM's failure to participate in the litigation has hindered not only the resolution of plaintiffs' claim against AMM, but also the resolution of this case as a whole. The Court finds that AMM's failure to obey Judge Crews' order requiring it to obtain substitute counsel has prejudiced plaintiffs and weighs in favor of sanctioning AMM.

### 2.   Interference with the judicial process

Plaintiffs argue that AMM's failure to obtain counsel has interfered with the judicial process because it has hindered settlement discussions and necessitated additional motions practice. Docket No. 156 at 4, ¶ 14. Moreover, AMM's failure to comply with Judge Crews' order in and of itself interferes with the judicial process because, as "noted by the *Ehrenhaus* court, if a party 'could ignore court orders here without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos.'" *EBI Sec. Corp., Inc. v. Hamouth*, 219 F.R.D. 642, 648 (D. Colo. 2004) (quoting *Ehrenhaus*, 965 F.2d at 291) (finding defendants' disregard of a discovery order "inevitably interfered with the judicial process"); *see also Baxter*, 2023 WL 5822502, at *4. The Court finds that AMM's failure to obtain counsel in violation of Judge Crews' order has interfered with the judicial process and that this factor weighs in favor of sanctioning AMM.

### 3.  Culpability of AMM

Plaintiffs claim that AMM is culpable for its conduct.  Docket No. 156 at 5, ¶ 15.

Judge Crews' order granting the motion to withdraw as counsel instructed the former

attorney for AMM, Mr. Warden, to serve a copy of the order on AMM, along with a copy

of the parties' last joint status report, the most recent minute order setting a deadline for

the submission of dismissal papers or a status report, and a "listing of all pending

deadlines in this matter."  Docket No. 149.  There is no indication that AMM's former

counsel failed to do so.  Since that time, there has been no appearance of substitute

counsel on behalf of AMM.  To the contrary, a status report filed by plaintiffs states that

AMM retained Ashley Hunt, a Florida-based attorney, as counsel after it dismissed Mr.

Warden, but that Mr. Hunt "specifically stated in his email [to plaintiffs' counsel] that he

would 'not be appearing in this case.'"  Docket No. 150 at 2.  Furthermore, AMM has not

informed the Court of any inability to comply with Judge Crews' order or offered any

explanation for its noncompliance.  *See MacAlmon Music, LLC v. Maurice Skylar

Ministries, Inc.*, No. 13-cv-02471-PAB-CBS, 2015 WL 794328, at *10 (D. Colo. Feb. 4,

2015) (finding defendant culpable for is disregard of the court's orders where

defendant  "did not request any extension, demonstrate any need for an extension, or

offer any acceptable explanation for its noncompliance").   The Court finds AMM

culpable for its failure to comply with Judge Crews' order and that this factor weighs in

favor of sanctioning AMM.

### 4.  Advance warning

Judge Crews' order states that "Defendant is hereby put on notice that, subject to

D.C.COLO.LAttyR 5(b), Defendant is personally responsible for complying with all court

orders and time limitations established by applicable statutes and rules.  Further,

because Defendant is a corporation, Defendant may not appear without counsel

admitted to the bar of this Court, and that absent prompt appearance of substitute

counsel, pleadings and papers may be stricken, and default judgment or other sanctions

may be imposed against Defendant."  Docket No. 149.  Therefore, the Court finds that

Judge Crews warned AMM in advance that dismissal of the action would be a likely

sanction for noncompliance.  *See Ehrenhaus*, 965 F.2d at 921.  This factor weighs in

favor of sanctioning AMM.

### 5.  *Efficacy of lesser sanctions*

Plaintiffs argue that no lesser sanction would be effective because, "[l]ike the

defendant in *Baxter Construction Company, LLC*, Defendant appears to have

abandoned its defense in this action.  The Order was entered five months ago, and

Defendant has given no indication that it intends to comply.  Defendant has also

completely abandoned the once productive settlement discussions that may have

resolved this matter without further involvement from this Court."  Docket No. 156 at  5,

¶ 16.  *See Baxter*, 2023 WL 5822502, at *4.  The Court agrees that AMM appears to

have abandoned its defense against plaintiffs' claim in this case.  Moreover, AMM does

not appear to have any intention to comply with Judge Crews' order since its counsel

informed plaintiffs' counsel that he would not be appearing in this case.  *See* Docket No.

150 at 2.  The Court is therefore not convinced that any lesser sanction would be

effective.  *See Baxter,* 2023 WL 5822502, at *4 (finding that no lesser sanction "would

have any material effect on Defendant or on this litigation—the imposition of monetary

sanctions, for example, would not resolve the issue of Defendant's non-appearance,

and this litigation would remain stagnant, with no path forward to resolution");

*MacAlmon Music*, 2015 WL 794328, at *11 (finding that it "would be pointless to impose

any lesser sanction" on defendant that had "already demonstrated willful bad faith in

repeatedly disregarding the court's rules and orders and failing to participate in the

case."). Accordingly, the Court finds that this factor weighs in favor of imposing default

judgment as a sanction against AMM.

The Court finds that, based on the *Ehrhenhaus* factors, default judgment is a

warranted and appropriate sanction for AMM's failure to obtain counsel in violation of

Judge Crews' August 18, 2023 order.

**B. Merits**

Although plaintiffs argue that the Court is "justified in entering default judgment"

as a sanction against AMM pursuant to Rule 16 and Rule 37, Docket No. 156 at 5, ¶ 17,

plaintiffs provide no legal arguments as to why they are entitled to default judgment on

their claim against AMM. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). Pursuant to the Local Rules, a

motion must be "supported by a recitation of legal authority." D.C.COLO.LCivR 7.1(d);

*see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (stating that the court must

evaluate "whether the unchallenged facts constitute a legitimate cause of action" such

that a judgment should be entered). Because plaintiffs have failed to offer any

explanation as to why they are entitled to default judgment based on the facts alleged in

their complaint, the Court will deny the motion for default judgment without prejudice to

plaintiffs' ability to file an appropriately supported motion. *See Flores v. Astrue*, 246 F.

App'x 540, 543 (10th Cir. 2007) (unpublished) (declining to reach the merits of an

argument when the party failed to cite any authority and "expect[ed] the court to do its research"); *United States v. Noell*, No. 22-cv-02538-PAB-SBP, 2023 WL 4204669, at *5 n.2 (D. Colo. Jun. 27, 2023) (denying default judgment motion without prejudice and instructing the moving party to "provide legal arguments as to why it is entitled to default judgment" in any subsequent motion for default judgment).

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendant for Failing to Comply With a Court Order [Docket No. 156] is **DENIED without prejudice**.


DATED August 16, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge